Usama Kahf (SBN 266443)
    E-Mail:  ukahf@fisherphillips.com
Joseph M. Crittenden (SBN 340271)
    E-Mail:  jcrittenden@fisherphillips.com
**FISHER & PHILLIPS LLP**
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone: (949) 851-2424
Facsimile:  (949) 851-0152

Darcey M. Groden (SBN 296492)
    E-Mail:  dgroden@fisherphillips.com
**FISHER & PHILLIPS LLP**
4747 Executive Drive, Suite 1000
San Diego, California 92121
Telephone: (858) 597-9600
Facsimile:  (858) 597-9601

Attorneys for Defendant
CALL-ON-DOC.COM, INC.
*(erroneously sued as CALL-ON-DOC, INC.)*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, individually and on behalf all others similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>CALL-ON-DOC, INC.,<br><br>            Defendant. | Case No:  3:24-cv-2095 GPC KSC<br><br>**DEFENDANT CALL-ON-DOC.COM, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO COMPEL COMPLIANCE WITH RULE 10(A)**<br><br>[*Filed Concurrently with the Notice of Motion*]<br><br>Complaint Filed:  November 7, 2024<br>Trial Date:        Not Set |

# I.     INTRODUCTION

Plaintiff Jane Doe, on behalf of a putative class, asserts that Defendant Call-On-Doc.Com, Inc. ("Call-On-Doc") is a telehealth provider that has permitted Google and TikTok to intercept website users' internet communications with Call-On-Doc in violation of state privacy statutes and the California Constitution.

Despite that Plaintiff seeks to represent a putative class, she is proceeding anonymously as a "Jane Doe." Federal Rule of Civil Procedure ("FRCP") 10(a) requires that "[t]he title of the complaint must name all the parties . . ." The Ninth Circuit only permits a plaintiff to proceed anonymous "when special circumstances justify the secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). FRCP 41(b) provides a mechanism to enforce compliance with the Federal Rules of Civil Procedure – including FRCP 10(a) – by allowing a party to move to dismiss an action against a non-complaint party.

Plaintiff's Complaint does not even acknowledge that Plaintiff is proceeding anonymously (aside from the prototypical "Jane Doe" appellation), let alone provide allegations to justify the choice under Ninth Circuit precedent. Plaintiff does not meet her burden of justifying anonymity by alleging treatment of a routine illness (an upper respiratory infection) which has no stigma attached to it. Accordingly, this court must dismiss the Complaint under FRCP 10(a) and 41(b) for failure to comply with the Federal Rules of Civil Procedure and only permit amendment of the Complaint if Plaintiff complies with FRCP 10(a)'s requirement that Plaintiff proceed under her real name.

# II.     SUMMARY OF RELEVANT FACTS

Plaintiff, proceeding as a Jane Doe, alleges that Call-On-Doc's website "embedded and configured Google Analytics" and "embedded and installed the TikTok Pixel" "on all pages where users entered PII and PHI [i.e., personally identifiable information and personal health information]." (ECF 1, Compl. ¶¶ 33, 52.) Plaintiff alleges that Google Analytics intercepted and "automatically sent a

simultaneous transmission of that information" to Google. (*Id.* ¶¶ 34, 36-38.) Likewise, Plaintiff alleges that the TikTok Pixel "intercepts website communications" and "automatically and simultaneously" sends it to TikTok. (*Id.* ¶¶ 46, 49-50, 54-56.) Plaintiff further alleges that Google and TikTok use the information they collect for targeted advertising. (*Id.* ¶¶ 39-41, 57-59.)

Plaintiff alleges that she visited Call-On-Doc's website several times in 2023 and 2024, with the most recent visit being in March 2024, to seek treatment for various health conditions. (Compl. ¶ 5.) Plaintiff alleges that, during one of those visits, she sought treatment for an upper respiratory infection. (*Id.*) Plaintiff does not allege what health conditions she sought treatment for on the other visits. (*See id.*) Plaintiff alleges that, when she sought treatment, she selected the condition for which she was seeking treatment and answered questions relating to her physical health. (*Id.*) Plaintiff does not specify what information she inputted into Call-On-Doc's website. (*See id.*) Plaintiff alleges that after receiving treatment for an upper respiratory infection, she began receiving targeted advertisements related to pneumonia treatment on Google and other sites. (*Id.* ¶ 7.) Plaintiff does not allege that she received targeted ads after any of the other alleged visits. (*See id.*)

## III.    LEGAL STANDARD

Pursuant to FRCP 41(b), "[i]f the Plaintiff fails . . . to comply with [the Rules of Civil Procedure], a defendant may move to dismiss the action or any claim against it." A defendant may move to dismiss under Rule 41(b) for failure to comply with Rule 10. *See Larios v. United States Navy*, No. 21CV1947-GPC-MDD, 2022 WL 20717421, at *4 (S.D. Cal. July 29, 2022) (this court granting a motion to dismiss pursuant to Rule 41(b) for failure to comply with Rule 10(b)).

FRCP 10(a) requires that "[t]he title of the complaint must name all the parties . . . [.]" *Id.* "The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010) ("*Kemehameha Schools*"). This presumption is

related to the public's common law right of access to judicial proceedings and the right of private individuals to confront their accusers. *Id.* at 1042; *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) ("*Advanced Textile*"). The Ninth Circuit permits parties to proceed anonymously only "when special circumstances justify the secrecy." *Advanced Textile*, 214 F.3d at 1067.

A party may proceed anonymously in special circumstances "when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile*, 214 F.3d at 1068. "[A] district court should determine the need for anonymity by evaluating the following factors: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, and (3) the anonymous party's vulnerability to retaliation." *Id.* (citations omitted). The court must also determine the precise prejudice at each stage of the proceeding to plaintiff, and whether proceedings may be structured to mitigate the prejudice. *Id.* Finally, the court must decide whether the public's interest in the case would be best served by requiring the anonymous litigant to reveal her identity. *Id.*

## IV. PLAINTIFF CANNOT PROCEED AS A "JANE DOE"

### A. <u>There is no severe harm threatened justifying anonymity</u>

Plaintiff bears the burden of showing a fear of severe harm. *Kamehameha Schools*, 596 F.3d at 1043. While Plaintiff does not explain why she is proceeding anonymously in the Complaint, courts have typically found that the only privacy interests significant enough to merit anonymity involve matters of sensitive and highly personal nature, particularly when they involve matters of social stigmatization. *Roe v. United States*, No. 1:19-cv-00270-DAD-BAM, 2020 WL 869153, at *2 (E.D. Cal. Feb. 20, 2020).

Plaintiff does not meet that burden here. The only health information which Plaintiff identifies about herself is that she suffered an upper respiratory infection. (Compl. ¶ 5.) An upper respiratory infection is not highly personal or stigmatizing.

*See Roe v. Skillz, Inc.*, 858 Fed. Appx. 240, 241 (9th Cir. 2021) (plaintiff whose claims related to compulsive gambling and the impact on her mental health, including her suicidal ideations, could not proceed anonymously).

### B.    Plaintiff cannot articulate a reasonable basis for any fears

It is unclear at this juncture exactly why Plaintiff is proceeding anonymously, as no allegations as to why a "Jane Doe" designation was chosen are pleaded in the Complaint. (*See* Compl. ¶¶ 4-7.) However, any fear giving rise to the choice to proceed anonymously must be objectively reasonable. *Doe v. Texaco, Inc.*, No. C06-02820 WHA, 2006 WL 2850035, at *5 (N.D. Cal. Oct. 5, 2006). Speculation or conjecture are insufficient to meet Plaintiff's burden. *Doe v. Coder*, No. C-10-4756 MMC, 2010 WL 4938282, at *2 (N.D. Cal. Nov. 30, 2010).

To the extent that the exemplar of testing for HIV status is the reason for the proceeding anonymously, the exemplar as alleged is for a fictious individual and is used to demonstrate what Plaintiff claims is visible to third parties. (Compl. ¶¶ 22, 23-24, 26, 34, 37.) Indeed, that this is not Plaintiff is evidenced from the screenshot in paragraph 55, which contains a date of October 11, 2024 – which is after Plaintiff's last pleaded usage of the website. (Compl. ¶¶ 5, 55.) That someone from Plaintiff's counsel's office chose this medical condition to take screenshots of does not disclose *Plaintiff*'s medical information. Moreover, selecting this condition was a matter of choice – if Plaintiff fears stigma in being associated with HIV, she could have easily selected something else as an exemplar, such as nasal congestion or sore throat. (*See* Compl. ¶ 22.)

### C.    Plaintiff is not vulnerable to retaliation

To the extent that Plaintiff has fears of retaliation, such fears must be specific, supported, and not merely theoretical. *Roe v. State Bar of Cal.*, No. SA CV 22-00983-DFM, 2023 WL 6193023, at *2 (C.D. Cal. Mar. 17, 2023). Plaintiff will be unable to articulate such a vulnerability. Call-On-Doc is a telehealth platform; there is no basis for Plaintiff to be vulnerable to retaliation from it. *See*

*Doe v. Hebbard*, No. 21-cv-00039-BAS-AGS, 2021 WL 1195828, at * 1 (S.D. Cal. Mar. 30, 2021) (Doe plaintiff who alleged she was the victim of sexual assault housed in the same detention facility where the assault happened, which placed her in a vulnerable position to be subject to harassment or other forms of retaliation).

### D.    Call-On-Doc will be prejudiced if Plaintiff proceeds anonymously

Call-On-Doc's ability to investigate and defend this case would be hindered if Plaintiff proceeded anonymously. It is a threshold matter in a class action case that Plaintiff establish that she is an adequate class representative – without knowing who Plaintiff is, Call-On-Doc cannot verify basic factual allegations such as whether she visited Call-On-Doc's website within the statute of limitations or is in fact a California resident. (*See* Compl. ¶¶ 4-5.)

### E.    There is a strong public interest in knowing Plaintiff's identity

In the Ninth Circuit, "the common law rights of access to the courts and judicial records are not taken lightly." *Kamehameha Schools*, 596 F.3d at 1042. When a plaintiff brings an action as a purported class action, the public's interest in knowing the plaintiff's identity is particularly strong because a court cannot properly determine whether the plaintiff would be an adequate class representative if she is not able and willing to disclose her identity. *Doe v. U.S. Healthworks, Inc.*, No. CV 15-05689 SJO (AFMx), 2016 WL 11745513, at *6 (C.D. Cal. Feb. 4, 2016). Further, the individuals who Plaintiff seeks to represent have an interest in knowing who purports to represent their interests. *Roe v. State Bar of Cal.*, 2023 WL 6193023, at *2. If Plaintiff has specific medical records she seeks to shield, less extraordinary measures – such as a protective order – can provide the protection she seeks. *Doe v. UNUM Life Ins. Co. of Am.*, 164 F.Supp.3d 1140, 1147 (N.D. Cal. Feb. 22, 2016).

/ / /

/ / /

**V.    CONCLUSION**

    For the foregoing conclusions, the Court must dismiss this action for failure to comply with the Federal Rule of Civil Procedure 10(a).

Dated:  March 4, 2025               Respectfully submitted,

                                    **FISHER & PHILLIPS LLP**

                      By: /s/ Usama Kahf
                                Usama Kahf
                                Darcey M. Groden
                                Joseph M. Crittenden
                                Attorneys for Defendant
                                CALL-ON-DOC.COM, INC.

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 2050 Main Street, Suite 1000, Irvine, California 92614.

On March 4, 2025, I served the foregoing document entitled **DEFENDANT CALL-ON-DOC.COM, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO COMPEL COMPLIANCE WITH RULE 10(A)** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| **BURSOR & FISHER, P.A.** | ***Attorneys for Plaintiff*** |
| Brittany S. Scott | |
| Joshua R. Wilner | Telephone:  (925) 300-4455 |
| 1990 North California Boulevard | Facsimile:  (925) 407-2700 |
| 9th Floor | E-mail:  bscott@bursor.com |
| Walnut Creek, CA 94596 | jwilner@bursor.com |
| | |
| **BURSOR & FISHER, P.A.** | Telephone:  (646) 837-7150 |
| Philip L. Fraietta | Facsimile:  (212) 989-9163 |
| 1330 Avenue of the Americas | E-Mail:  pfraietta@bursor.com |
| 32nd Floor | |
| New York, NY 10019 | |
| | |
| **DRURY LEGAL, LLC** | Telephone:  (312) 358-8225 |
| Scott R. Drury | E-mail:  scott@drurylegal.com |
| 6 Carriage Lane | |
| Highwood, Illinois 60040 | |

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed March 4, 2025, at Irvine, California.

| | |
|---|---|
| Stephanie A. Crisp | By: _____ |
| Print Name | Signature |

---

1

CERTIFICATE OF SERVICE