|   |   |
|---|---|
| 1 | **BURSOR & FISHER, P.A.** |
| 2 | Joshua R. Wilner (State Bar No. 353949) |
|   | 1990 North California Blvd., 9th Floor |
| 3 | Walnut Creek, CA 94596 |
|   | Telephone: (925) 300-4455 |
| 4 | Facsimile: (925) 407-2700 |
|   | E-mail: jwilner@bursor.com |
| 5 |   |
|   | **BURSOR & FISHER, P.A.** |
| 6 | Philip L. Fraietta (State Bar No. 354768) |
| 7 | 1330 Avenue of the Americas, 32nd Floor |
|   | New York, NY 10019 |
| 8 | Telephone: 646-837-7150 |
|   | Facsimile: (212) 989-9163 |
| 9 | E-Mail: pfraietta@bursor.com |
| 10 | **DRURY LEGAL, LLC** |
| 11 | Scott R. Drury (State Bar No. 355002) |
|   | 6 Carriage Lane |
| 12 | Highwood, Illinois 60040 |
|   | Telephone: (312) 358-8225 |
| 13 | E-MAIL: scott@drurylegal.com |
| 14 |   |
|   | *Attorneys For Plaintiff* |

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| JANE DOE, individually and on behalf all others similarly situated, | Case No. 3:24-cv-02095-GPC-KSC |
|---|---|
| Plaintiff, | **PLAINTIFF'S OPPOSITON TO DEFENDANT'S MOTION TO COMPEL COMPLIANCE WITH RULE 10(A)** |
| v. | |
| CALL-ON-DOC, INC., | Date:   June 13, 2025 |
| Defendant. | Time:   1:30 p.m. |
|  | Courtroom:  2D |
|  | Judge:  Hon. Gonzalo P. Curiel |

Plaintiff Jane Doe ("Plaintiff") respectfully submits this opposition to Defendant Call-On-Doc, Inc.'s ("Defendant") Motion to Compel Compliance with Rule 10(A) (ECF No. 11) (the "Motion" or "MTC").

## INTRODUCTION

Defendant seeks to waste judicial resources and embarrass Plaintiff by asking this Court to reject what district courts in the Ninth Circuit have repeatedly held: plaintiffs may proceed under pseudonym in cases involving the interception and disclosure of protected health information. *See*, *e.g.*, *Doe v. Scripps Health*, No. 23-cv-2215-AGS-DEB (S.D. Cal.); *Doe v. Meta Platforms, Inc.*, No. 22-cv-03580-WHO (N.D. Cal.); *Doe v. Regents of Univ. of California*, No. 23-cv-00598-WHO (N.D. Cal.); *A.S. v. SelectQuote Ins. Servs.*, No. 3:23-cv-02258-RBM-MSB (S.D. Cal.); *Doe v. Joyous PBC*, No. 3:24-cv-02357-JD (N.D. Cal.); *Doe v. Grow Care, Inc.*, No. 5:24-cv-09122 (N.D. Cal.). Defendant's Motion provides no compelling reason why this case involving Plaintiff's private medical information, including reasons for medical appointments, should be the exception. Defendant's Motion should be denied.

## BACKGROUND

This case is a putative class action against Defendant for aiding, employing, and conspiring with third party entities to intercept communications sent and received by Plaintiff and Class Members, including communications containing protected health information, on Defendant's website, www.callondoc.com. ECF No. 1 ¶¶ 1-2. Defendant is an online healthcare provider offering telehealth appointments, medications, and tests for various health conditions, including sexually transmitted infections. *Id*. ¶¶ 20-21. Information related to Plaintiff's treatment and her related medical conditions is the subject of this action. As part of the purchase process on Defendant's website, Plaintiff answered a series of questions related to the sensitive and confidential topics of her physical health for the purpose of receiving treatment for those conditions. Plaintiff provided the information with

the understanding that it would be reviewed by a doctor to treat her symptoms and, if necessary, prescribe medication. *Id.* ¶ 5.

Plaintiff is an adult citizen of the state of California residing in San Diego, California. *Id.* ¶ 4. Plaintiff sought treatment from Defendant to treat various health conditions, including an upper respiratory infection. Information related to such conditions and treatment of those conditions is protected by federal law, as well as California law. *Id.* ¶¶ 13-19.

## ARGUMENT

Plaintiff brings this action against Defendant under a pseudonym due to the fact that it involves, and likely will require disclosure of, Plaintiff's sensitive and protected health information, including information related to treatment for Plaintiff's confidential medical conditions. Should Plaintiff not be able to proceed under a pseudonym, Plaintiff may be subjected to ridicule and personal embarrassment.

Disclosure of personal medical information, including symptoms, tests, and treatments, can be harmful to a person in a myriad of ways. They can subject the individual to a variety of social assumptions, true or not, about their habits, lifestyle and morality, as well as affecting their ability to obtain employment or other necessities.

The Ninth Circuit has provided the following guidance:

> In this circuit, we allow parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary…to protect a person from harassment, injury, ridicule or personal embarrassment.'…We join our sister circuits and hold that a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity.

*See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000); *see also Doe v. United Services Life Ins. Co.*, 123 F.R.D. 437 (S.D.N.Y. 1988)

(allowing a plaintiff to sue an insurance company anonymously to allow him to keep his sexual orientation private); *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D. Mont. 1974) (permitted plaintiff in abortion suit to use pseudonym due to the personal nature of pregnancy).

In light of the facts here, Plaintiff's need for anonymity outweighs any prejudice to the public in concealing Plaintiff's identity. Further, there is no prejudice to Defendant because <u>Plaintiff will provide her name to Defendant in discovery under seal</u>.

Defendant's editorializing regarding the severity of Plaintiff's medical condition is inapposite.  MTC at 3-4.  First, *all* medical information is confidential, and plaintiffs have been allowed to proceed under pseudonym for even information about medical appointments that could be characterized as routine.  *See Scripps*, 23-cv-2215-AGS-DEB, ECF No. 45 (Plaintiff proceeding under pseudonym alleging he searched for lumbar fusion treatment on a healthcare provider website).  Second, Plaintiff alleges she sought treatment on Defendant's website several times, meaning other health conditions or treatments of unknown severity could be revealed over the course of this litigation. ECF No. 1 ¶ 5.

Given the sensitive nature of this case, it is important that Plaintiff be able to maintain her anonymity.  As such, Defendant's Motion should be denied.

Dated:  **BURSOR & FISHER, P.A**.

By:  */s/ Joshua R. Wilner*
         Joshua R. Wilner

Joshua R. Wilner (State Bar No. 353949)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: jwilner@bursor.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**BURSOR & FISHER, P.A.**
Philip L. Fraietta (State Bar No. 354768)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: 646-837-7150
Facsimile: (212) 989-9163
E-Mail: pfraietta@bursor.com

**DRURY LEGAL, LLC**
Scott R. Drury (State Bar No. 355002)
6 Carriage Lane
Highwood, Illinois 60040
Telephone: (312) 358-8225
E-MAIL: scott@drurylegal.com

*Attorneys For Plaintiff*