Usama Kahf (SBN 266443)
E-Mail: ukahf@fisherphillips.com
Joseph M. Crittenden (SBN 340271)
E-Mail: jcrittenden@fisherphillips.com
**FISHER & PHILLIPS LLP**
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone: (949) 851-2424
Facsimile: (949) 851-0152

Darcey M. Groden (SBN 296492)
E-Mail: dgroden@fisherphillips.com
**FISHER & PHILLIPS LLP**
4747 Executive Drive, Suite 1000
San Diego, California 92121
Telephone: (858) 597-9600
Facsimile: (858) 597-9601

Attorneys for Defendant
CALL-ON-DOC.COM, INC.
*(erroneously sued as CALL-ON-DOC, INC.)*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JANE DOE, individually and on behalf all others similarly situated,

Plaintiff,

v.

CALL-ON-DOC, INC.,

Defendant.

Case No: 3:24-cv-2095 GPC KSC

**DEFENDANT CALL-ON-DOC.COM, INC.'S REPLY BRIEF IN SUPPORT OF ITS NOTICE OF RULE 12 MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Complaint Filed: November 7, 2024
Trial Date: Not Set

TABLE OF CONTENTS

PAGE

I. SUMMARY OF ARGUMENT ........ 1

II. PLAINTIFF HAS FAILED TO ALLEGE SUFFICIENT FACTS TO ESTABLISH SPECIFIC PERSONAL JURISDICTION. ........ 1

III. PLAINTIFF LACKS ARTICLE III STANDING BECAUSE THERE IS NO CONCRETE INJURY-IN-FACT ........ 3

IV. PLAINTIFF FAILS TO STATE A CLAIM ........ 4

A. All Causes of Action Fail Because Plaintiff Has Not Alleged that She Was in California When Accessing Call-On-Doc's Website........ 4

B. Plaintiff Has Not Stated a Claim Under CIPA § 631(a). ........ 5

1. Plaintiff Has Not Pleaded Facts Sufficient to Demonstrate That Contents of a Communication Were Intercepted ........ 5

2. The Party Exception Applies, and Plaintiff Has Not Alleged that the Communications Intercepted Were "In Transit." ........ 5

3. Plaintiff Has Not Pled that Google or TikTok Violated CIPA. ........ 6

C. Plaintiff Has Not Stated a Claim Under the CMIA. ........ 6

1. Call-On-Doc is Not a "Provider of Healthcare." ........ 6

2. Plaintiff Does Not Plead With Sufficient Particularity What Medical Information Was Disclosed. ........ 8

3. Plaintiff Did Not Plead Disclosure. ........ 9

4. Plaintiff Abandoned Her Negligent Release Theory of Liability........ 9

///

TABLE OF CONTENTS CONTINUED

PAGE

D. Plaintiff Has Not Stated A Claim For Invasion of Privacy / Intrusion Upon Seclusion. .......... 9

V. CONCLUSION .......... 10

## I. SUMMARY OF ARGUMENT

Plaintiffs' claims are all legally deficient. Even under the recent *Briskin v. Shopify, Inc.*, No. 22-15815, 2025 WL 1154075 (9th Cir. Apr. 21, 2025), there is no specific personal jurisdiction because Plaintiff has not pled facts establishing that Call-On-Doc's conduct was expressly aimed at California.

This Court also lacks Article III standing because Plaintiff has not suffered a concrete injury-in-fact.

Aside from these deficiencies, each of Plaintiff's remaining claims fail independently. Plaintiff's California Invasion of Privacy Act (CIPA), Confidentiality of Medical Information Act (CMIA), and invasion of privacy / intrusion upon seclusion claims ask the Court to make unreasonable inferences and assume facts not alleged in the Complaint.

Accordingly, Plaintiff's claims must be dismissed with prejudice.

## II. PLAINTIFF HAS FAILED TO ALLEGE SUFFICIENT FACTS TO ESTABLISH SPECIFIC PERSONAL JURISDICTION

The recent Ninth Circuit decision in *Briskin v. Shopify* does not change the fact that Plaintiff cannot establish "express aiming" under *Calder v. Jones*, 456 U.S. 783 (1984). While *Briskin* rejected the requirement of differential treatment of the forum state for a finding of express aiming, *Briskin* did **<u>not</u>** abrogate the requirement under *Calder* that a plaintiff must show "something more" for "express aiming." *Briskin*, 2025 WL 1154075, at *12-13 & n.16 ("This case does not require us to 'go further and disavow' [*Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (9th Cir. 1997)]'s requirement of 'something more,' . . ."). The "expressly aimed" requirement focuses on "whether the defendant's conduct connects him to the forum in a meaningful way." *Walden v. Fiore*, 571 U.S. 277, 290 (2014).

Plaintiff has not pled any facts demonstrating that Call-On-Doc's conduct was expressly aimed at California. Plaintiff suggests that because she pleads Call-

On-Doc's website is accessible to California consumers and the installation of the Google and TikTok trackers "allowed for the interception" of consumers' data," she sufficiently alleges personal jurisdiction. (Opp'n 4:16, ECF 13.) Neither *Briskin* nor *Herbal Brands, Inc. v. Photoplaz, Inc.*, 72 F.4th 1085, 1095 (9th Cir. 2023), on which Plaintiff relies heavily, say that is enough. (*See* Opp'n 5:18–6:18.) Plaintiff ignores that in *Herbal Brands*, the Ninth Circuit stated: "our holding answers only the **narrow question** whether a defendant's **sale of a physical product** to a consumer in the forum state via an interactive website constitutes conduct expressly aimed at a forum." *Herbal Brands, Inc.* 72 F.4th at 1095 (emphasis added). In *Herbal Brands*, the "something more" was the sale and shipment of products that gave rise to harm. *See Martin v. Outdoor Network LLC*, No. 2:23-CV-09807-AB-AJR, 2024 WL 661173, at *4 (C.D. Cal. Jan. 31, 2024) (discussing *Herbal Brands* and finding no personal jurisdiction where plaintiff's claims of § 631(a) CIPA claim were based only on use of chat function on a website, not on a sale or purchase of any products on said website). Plaintiff has not alleged that she made any purchases on Call-On-Doc's website, nor has she alleged the contents of her communications. The Court cannot infer facts not alleged to find personal jurisdiction here, despite Plaintiff's insistence.

Furthermore, allegations of third parties' activities cannot establish personal jurisdiction over Call-On-Doc. *See Fregoas v. Mashable, Inc.*, No. 25-CV-01094-CRB, 2025 WL 1083214, at *3 (N.D. Cal. Apr. 10, 2025) (rejecting argument that collection of IP addresses by third-party trackers can establish personal jurisdiction). Plaintiff argues that by using tracking technologies, Call-On-Doc "knew it was intentionally aiding the Third Parties in obtaining the sensitive information of California residents to be used for its own purposes and the purposes of the Third Parties." (Opp'n at 4:27–5:2.) But mere speculation of what Call-On-Doc *could* do does not equate to what Call-On-Doc *actually* did, which is the relevant question for whether its actions were expressly aimed at California.

## III. PLAINTIFF LACKS ARTICLE III STANDING BECAUSE THERE IS NO CONCRETE INJURY-IN-FACT

This Court cannot guess as to the type of information Plaintiff provided to Call-On-Doc. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, but such allegations must permit the court to **infer more than the mere possibility of [injury]**." *Ctr. for Biological Diversity v. Bernhardt*, 946 F.3d 553, 560 (9th Cir. 2019) (internal quotations and citations omitted) (emphasis added). Plaintiff alleges she sought treatment and answered questions regarding her health, but she fails to identify the conditions she selected or health questions she answered. (*See* Comp. ¶ 5.) Without those specific allegations, Plaintiff cannot establish harm to her privacy.

Plaintiff cites to cases with completely different facts than those in this case, that were decided by courts outside of this Circuit, or that were decided before *TransUnion v. Ramirez*, 594 U.S. 413, 426 (2021), which is controlling authority and requires a "concrete injury even in the context of a statutory violation." (Opp'n 8:18–9:10.) The two post-*TransUnion* Ninth Circuit cases cited by Plaintiff are distinguishable. *Jones v. Ford Motor Co.*, 85 F.4th 570, 574 (9th Cir. 2023) (rejecting argument that defendant challenging whether there was a "statutory injury" under the Washington Privacy Act for purposes of stating a claim meant there was no "injury in fact" under Article III; did not address *TransUnion*); *Wakefield v. ViSalus*, 51 F.4th 1109, 1118 (9th Cir. 2022) (claims under the Telephone Consumer Protection Act allege a concrete injury because Congress made specific findings that unrestricted telemarking is akin to an intrusion upon seclusion and a nuisance).

The cases Plaintiff cites regarding her contention that she does not need to allege her specific communications are not on point because those cases addressed what specificity is necessary to state a CIPA claim for purposes of a Rule 12(b)(6) motion, not for Article III standing. (*See* Opp'n 10:11-22.) Plaintiff claims that the

information she alleged is akin to that in *A.S. v. SelectQuote Ins. Services*, but in that case, plaintiff alleged that defendant asked prospective customers to complete a questionnaire that included sensitive personal and health information, including "personal identifying information (e.g., name, email, mailing address, zip code, and phone number), demographic information (e.g., date of birth, gender, state of residency), medical diagnoses and conditions (e.g., cancer, high blood pressure, and diabetes), social habits (e.g., smoking), height, weight, family health history, and financial information (e.g., annual individual income)." No. 3:23-CV-02258-RBM-MSB, 2024 WL 3881850, at *1 (S.D. Cal. Aug. 19, 2024). Plaintiff's allegations contain none of these details. (*See* Compl. ¶¶ 34, 36, 37.)

The law is clear: "[o]nly those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *TransUnion*, 594 U.S. at 427 (italics in original). Plaintiff has not established an injury-in-fact based on the allegations of the Complaint and therefore does not have Article III standing to pursue her claims.

## IV. PLAINTIFF FAILS TO STATE A CLAIM

### A. All Causes of Action Fail Because Plaintiff Has Not Alleged that She Was in California When Accessing Call-On-Doc's Website.

Plaintiff has not pled that she was in California when she visited Call-On-Doc's website. Plaintiff argues that because people "do not often travel out of state to make a telehealth appointment," the court should "infer from the allegations" that Plaintiff was in California when she made her appointments. (Opp'n 13:8-11.) "[A] court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d 1088, 1100 (E.D. Cal. 2014) (citing *In re Gilead Sci. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)). People booking telehealth appointments may be scheduling a telehealth appointment because they are not home (e.g., traveling out of state and thus cannot see their normal doctor), and

Plaintiff concedes that people do book telehealth appointments while out of state. Plaintiff's requested inference is unreasonable and unsupported.

**B. Plaintiff Has Not Stated a Claim Under CIPA § 631(a).**

*1. Plaintiff Has Not Pleaded Facts Sufficient to Demonstrate That Contents of a Communication Were Intercepted*

Again, Plaintiff asks the court to infer that she conveyed personal information to Call-On-Doc without specifying what she communicated. In *Cousin v. Sharp Healthcare*, cited by Plaintiff, the court found that plaintiffs had alleged that their interactions "plausibly relate to the provision of health care." 702 F. Supp. 3d 967, 973 (S.D. Cal. 2023). Plaintiff has provided no details regarding her communications with Call-On-Doc such that a court could determine that the contents of such communications related to health care. Plaintiff is not required to disclose sensitive details, but the lack of specificity regarding what she disclosed is insufficient to state a claim. *See Byars v. Goodyear Tire & Rubber Co.*, 654 F. Supp. 3d 1020, 1027 (C.D. Cal. 2023) ("The term 'contents' is not intended to include record information, such as the name, address, or subscriber information of a website user."). Thus, the CIPA claim must be dismissed.

*2. The Party Exception Applies, and Plaintiff Has Not Alleged that the Communications Intercepted Were "In Transit."*

Call-On-Doc is not liable under CIPA because its actions fall under the party exception, and Plaintiff does not plead facts establishing otherwise. A party is not liable under Section 631(a) for recording its own conversations, including when the party is a website operator. (Mtn. 16:7-17, ECF 10-1.)

Clause two of Section 631(a) imposes liability where a party "reads or attempts to read, or to learn the contents of a . . . communication **while the same is in transit**[.]" (emphasis added.) In *Torres v. Prudential Financial*, the Northern District of California found that even if third-party software intercepted the contents of individuals' communications with the website, liability attaches only if

the third party reads or tries to read the contents of the communication *while it is in transit*. No. 22-CV-07465 (CRB), 2025 WL 1135088, at *5-6. (N.D. Cal. Apr. 17, 2025). The relevant inquiry is whether a third party read or attempted to read while the communications were in transit. *Id*. at *6; *see also Cody v. Ring LLC*, No. 23-CV-00562-AMO, 2025 WL 240763, at *3 (N.D. Cal. Jan. 16, 2025) (plaintiffs did not specifically allege data were read "in real time" such that interception occurred "while in transit"). Here, Plaintiffs have simply not alleged that Google and TikTok read or attempted to read the communications while in transit. As such, Plaintiff's claim for violations under the second clause of Section 631(a) should be dismissed.

*3. Plaintiff Has Not Pled that Google or TikTok Violated CIPA.*

Courts have consistently held that a "website owner [that] engages a vendor to record website-based communications for the website owner's own purposes is not thereby aiding and abetting eavesdropping by a third party in violation of Section 631(a)." *Licea v. Vitacost.com, Inc.*, 683 F. Supp. 3d 1118, 1123 (S.D. Cal. 2023). Plaintiff's numerous citations to allegations in the Complaint in support of her derivative liability argument are a mere distraction—Plaintiff only presents theoretical and conclusory allegations for how Google and TikTok could use her communications but has not alleged that they actually did so. As such, Plaintiff's claim for derivative liability under clause four fails as well.

**C. Plaintiff Has Not Stated a Claim Under the CMIA.**

*1. Call-On-Doc is Not a "Provider of Healthcare."*

*First*, Plaintiff's Opposition does not attempt to argue that Call-On-Doc is a "provider of healthcare" under Civil Code § 56.06(a). (Opp'n 19:27–20:25.) Plaintiff's failure to address this argument is a waiver of that issue. *Hartranft v. Encore Capital Group, Inc.*, 543 F. Supp. 3d 893, 913-14 (S.D. Cal. 2021).

*Second*, while Plaintiff insists that Call-On-Doc is a "provider of healthcare" under Section 56.06(b) because it has a website (Opp'n 20:9-19), Plaintiff fails to

refute the cases cited by Defendant explaining that a website "does not demonstrate that [defendant] itself offers hardware or software for consumers." (Mtn. 20:3-8.) To the extent Plaintiff is arguing a website is software, courts have rejected this argument. *Droplets, Inc. v. E*trade Fin. Corp.*, 939 F. Supp. 2d 336, 356 (S.D.N.Y. 2013) ("The thematically related services that appear on a web site, or that can be accessed therefrom via hyperlinking, were undoubtedly created using 'software,' but the services are not themselves the software that was used to create them . . ."); *see also Best Carpet Values, Inc. v. Google, LLC*, 90 F.4th 962, 971-72 (9th Cir. 2024) (treating software and a website as distinct and separate technologies).

*Third*, Plaintiff argues that Call-On-Doc is a provider of healthcare under Civil Code § 56.06(e) (Opp'n 20:20-24) despite the Complaint only alleging that Call-On-Doc is a provider of healthcare under 56.06(a)-(b). (Compl. ¶ 83.) In opposing a motion to dismiss, a plaintiff may not raise new allegations not in the complaint. *Schulenburg v. Handel's Enters., Inc.*, No. 18cv513-GPC(WVG), 2018 WL 3020206, at *2 (S.D. Cal. June 18, 2018).

Even if Plaintiff had made such an allegation, Civil Code § 56.06(e) is inapplicable: Plaintiff does not plead that Call-On-Doc is a "reproductive or sexual health digital service." *See Ass'n des Eleveurs de Canards et d'Ois du Quebec v. Harris*, 729 F.3d 937, 945 (9th Cir. 2013) (in interpreting a statute, courts look first to the plain meaning). In order to be a reproductive or sexual health digital service, "a mobile-based application or internet website" must do all of the following three things: (1) "collect[] reproductive or sexual health application information from a consumer," (2) "market[] itself as facilitating reproductive or sexual health services to a consumer," <u>and</u> (3) "use[] the information to facilitate reproductive or sexual health services to a consumer." CAL. CIV. CODE § 56.05(r).

Testing for diseases (Opp'n 20:23-24, citing to Compl. ¶ 21) – even STDs (although HIV is not exclusively an STD) – does not fall within the plain meaning of the definition of reproductive or sexual health services because it does not touch

on someone's fertility or plans to conceive, pregnancy or plans for pregnancy, or gender identity. *See* CAL. CIV. CODE § 56.05(q). Moreover, the actual HIV testing must happen off-line; this is fatal since the "app or website" must collect the information under the first prong of Civil Code § 56.05(r).[1]

*2. Plaintiff Does Not Plead With Sufficient Particularity What Medical Information Was Disclosed.*

Plaintiff incorrectly argues that the "compare" cite in the moving papers supports that she does not need to provide the specific information. (Opp'n. 22:8-14.) In fact, the compare cite highlights that cases which survived a motion to dismiss identified the specific information that plaintiffs provided on the website, including requests for a COVID-19 vaccine and searching about erectile dysfunction. (Mtn. 21:27–22:4.) In contrast, Plaintiff does not state what she inputted into the website, instead relying on a statement about why she sought treatment. (Compl. ¶ 5.) To survive a motion to dismiss, Plaintiff's Complaint must bridge the gap to explain what she conveyed on Call-On-Doc's website.

While Plaintiff alleges that Paragraph 34 of the Complaint demonstrates she had to fill out a questionnaire (Opp. 22:5-7), the sole question cited is whether the person seeking treatment is a current Call-On-Doc patient. That someone was a patient is not medical information under the CMIA. *Eisenhower Med. Ctr. v. Super. Ct.*, 226 Cal. App.4th 430, 435-36 (Ct. App. 2014). Notably, Plaintiff does not

---

[1] This understanding is further buttressed by the legislative history, which makes clear Civil Code § 56.05(q)-(r) were added to protect consumers in response to *Dobbs v. Jackson Women's Health*, 597 U.S. 215 (2022) and other states banning abortion and gender affirming care. AB 254, *Assemb. Comm. on Privacy & Consumer Prot.* at pp. 1, 5-11, 2023-2024 Leg. Sess. (Apr. 25, 2023), https://leginfo.legislature.ca.gov/faces/billAnalysisClient.xhtml?bill_id=202320240AB254 (click on "04/21/23 – Assembly Privacy and Consumer Protection"); AB 254, *Senate Comm. on Health*, at pp. 2-5, 2023-2024 Leg. Sess. (July 3, 2023) (same link as above, click on "07/03/23 – Senate Health"). Courts may take judicial notice of legislative history. Fed. R. Evid. 201(c)(1); *Ass'n des Eleveurs de Canards et d'Ois du Quebec*, 729 F.3d at 945; *Blythe v. City of San Diego*, No. 24-cv-02211-GPC-DDL, 2025 WL 108185, at *4 n.3 (S.D. Cal. Jan. 14, 2025).

dispute that upper respiratory infection – which she says she sought treatment for – is not one of the options for a condition to select in the screenshot from Paragraph 22 of the Complaint. Whatever information Plaintiff allegedly provided to Call-On-Doc, she does not plead it.

*3. Plaintiff Did Not Plead Disclosure.*

"'Disclose' . . . is an active verb, denoting in the context of CMIA and the protections afforded confidential medical information **an affirmative act of communication**. But 'to release' is broader, including . . . 'to give permission for publication, performance, exhibition, or sale of' or 'to make available to the public' . . ." *Regents of the Univ. of Cal. v. Super. Ct.*, 220 Cal. App. 4th 549, 564 (Ct. App. 2013) (footnotes omitted) (emphasis added).

Plaintiff's Opposition focuses on the alleged affirmative act of downloading tracking technologies (which is insufficient under *Regents*) rather than an affirmative act of communication. Here, Plaintiff pleads that Call-On-Doc made the information available to Google and TikTok by installing the tracking pixels so that Google and TikTok could intercept information and send it to themselves – essentially, a "release." (*See* Compl. ¶¶ 36-38, 43.) There is no affirmative act **of communication** by Call-On-Doc.

*4. Plaintiff Abandoned Her Negligent Release Theory of Liability.*

Plaintiff disavows intending to bring a claim for negligent release under Civil Code § 56.36. (Opp. 22:15-23 & n.4.) The Court should therefore dismiss the negligent release claim pleaded with prejudice. (*See* Compl. ¶¶ 18-19, 90.)

**D. Plaintiff Has Not Stated A Claim For Invasion of Privacy / Intrusion Upon Seclusion.**

Plaintiff incorrectly claims that Call-On-Doc's argument that Plaintiff does not allege what of her personal information was disclosed, a serious invasion of privacy, or a highly offensive intrusion is underdeveloped; Plaintiff ignores that these issues were discussed in detail earlier in the Motion in relation to the CMIA

claim. (Mtn. 20:9–22:4.)

Further, Plaintiff incorrectly uses *Ojeda v. Kaiser Permanente Int'l*, No. EDCV 22-1057-MWF (GJS), 2022 WL 18228249, at *2, 6 (C.D. Cal. Nov. 29, 2022) to argue that vague allegations of the disclosure of medical information are enough to state a claim. However, the plaintiff in *Ojeda* pleaded that the medical information disclosed was COVID-19 vaccination status. Here, it is not clear *what* was disclosed. Moreover, *Ojeda* ruled that disclosure of COVID-19 vaccination status was not highly offensive as a matter of law and dismissed the invasion of privacy claim. *Ojeda*, 2022 WL 18228249, at *7. Plaintiff's assumption that any data relating to healthcare automatically meets the "highly offensive" threshold is not true. The other cases Plaintiff cites (Opp. 23:25–24:12) are inapposite because they do not involve health data.

Call-On-Doc cited caselaw stating that an intrusion upon seclusion claim requires that Call-On-Doc intrude into an area where Plaintiff has an expectation of privacy, despite Plaintiff's claims to the contrary (Mtn. 25:8-17; Opp. at 24:23-26); here, Plaintiff willingly and knowingly shared her information with Call-On-Doc. Based on the cases that Plaintiff cited in relation to whether any intrusion was "highly offensive," the intrusion upon seclusion claim is more properly directed at the parties Plaintiff claims she did not know were present – Google and TikTok. (*See* Opp. 24:1-12.)

## V. CONCLUSION

Based on the foregoing, Defendant Call-On-Doc.Com, Inc. respectfully seeks dismissal of the entire Complaint.

Dated: May 9, 2025

Respectfully submitted,
**FISHER & PHILLIPS LLP**

By: */s/ Darcey M. Groden*
Usama Kahf
Darcey M. Groden
Joseph M. Crittenden
Attorneys for Defendant
CALL-ON-DOC.COM, INC.

## CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 2050 Main Street, Suite 1000, Irvine, California 92614.

On May 9, 2025, I served the foregoing document entitled **DEFENDANT CALL-ON-DOC.COM, INC.'S REPLY BRIEF IN SUPPORT OF ITS NOTICE OF RULE 12 MOTION TO DISMISS PLAINTIFF'S COMPLAINT** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| **BURSOR & FISHER, P.A.**<br>Brittany S. Scott<br>Joshua R. Wilner<br>1990 North California Boulevard<br>9th Floor<br>Walnut Creek, CA 94596 | ***Attorneys for Plaintiff***<br><br>Telephone: (925) 300-4455<br>Facsimile: (925) 407-2700<br>E-mail: bscott@bursor.com<br>jwilner@bursor.com |
| **BURSOR & FISHER, P.A.**<br>Philip L. Fraietta<br>1330 Avenue of the Americas<br>32nd Floor<br>New York, NY 10019 | Telephone: (646) 837-7150<br>Facsimile: (212) 989-9163<br>E-Mail: pfraietta@bursor.com |
| **DRURY LEGAL, LLC**<br>Scott R. Drury<br>6 Carriage Lane<br>Highwood, Illinois 60040 | Telephone: (312) 358-8225<br>E-mail: scott@drurylegal.com |

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed May 9, 2025 at San Diego, California.

Brandi D. Paape