Usama Kahf (SBN 266443)
E-Mail: ukahf@fisherphillips.com
Joseph M. Crittenden (SBN 340271)
E-Mail: jcrittenden@fisherphillips.com
**FISHER & PHILLIPS LLP**
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone: (949) 851-2424
Facsimile: (949) 851-0152

Darcey M. Groden (SBN 296492)
E-Mail: dgroden@fisherphillips.com
**FISHER & PHILLIPS LLP**
4747 Executive Drive, Suite 1000
San Diego, California 92121
Telephone: (858) 597-9600
Facsimile: (858) 597-9601

Attorneys for Defendant
CALL-ON-DOC.COM, INC.
*(erroneously sued as CALL-ON-DOC, INC.)*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE DOE, individually and on behalf all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CALL-ON-DOC, INC.,<br><br>Defendant. | Case No: 3:24-CV-2095 GPC (KSC)<br><br>**DEFENDANT CALL-ON-DOC.COM, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO COMPEL COMPLIANCE WITH RULE 10(A)**<br><br>Complaint Filed: November 7, 2024<br>Trial Date: Not Set |

# TABLE OF CONTENTS

PAGE

I. SUMMARY OF ARGUMENT ........ 1
II. PLAINTIFF FAILED TO MEET HER EVIDENTIARY BURDEN TO PROCEED ANONYMOUSLY ........ 2
III. UNDER THE NINTH CIRCUIT'S BALANCING TEST, DISCLOSURE OF PLAINTIFF'S NAME IS REQUIRED ........ 4
A. There is No Threat of Severe Harm ........ 4
B. Plaintiff's Articulated Fear of Harm Is Speculative and Unreasonable ........ 5
C. Plaintiff Does Not Establish That She Is Vulnerable to Retaliation ........ 6
D. Call-On-Doc Is Prejudiced Because Plaintiff Has Taken No Steps to Disclose Her Identity to It ........ 8
E. Plaintiff Does Not Dispute the Strong Interest In the Public – Including the Class Members She Seeks to Represent – Knowing Her Identity ........ 8
IV. CONCLUSION ........ 9

## I. SUMMARY OF ARGUMENT

Plaintiff's Opposition fails to meet her burden of establishing that her "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 68 (9th Cir. 2000).

Plaintiff's Opposition is accompanied by no evidence, and Plaintiff's Complaint provides no explanation for Plaintiff proceeding anonymously. Rather, Plaintiff's Opposition can be summed up as follows: because Plaintiff has allegations about her health information, the Court should presume a threat of harm and allow her to proceed as a Jane Doe. In making this argument, Plaintiff ignores Ninth Circuit case law that conducts an individualized balancing test even in cases involving medical information and has required plaintiffs disclosing medical information in Complaints to nevertheless proceed under their real names.

Moreover, Plaintiff's disclosure that she had an upper respiratory infection (the only piece of health information between the Complaint and Opposition) does not justify Plaintiff's need for anonymity or outweigh the public's interest in knowing Plaintiff's identity. Perhaps recognizing that an upper respiratory condition is not a stigmatizing health condition, Plaintiff speculates that she may have disclosed to Call-On-Doc "health conditions or treatments of unknown severity." However, as the person seeking treatment, Plaintiff is aware of what health conditions she had or treatments she sought; if there was something of concern, Plaintiff had the opportunity to provide evidence in the Opposition – she did not. Unable to identify any risk to herself, Plaintiff relies on theoretical risks to people who disclose health information (Opp'n 2:14-18, ECF 14), but never actually claims any specific concerns for herself aside from that she "may be subjected to ridicule and personal embarrassment." (Opp'n 2:12-13.) Such a concern is unreasonable for an upper respiratory infection.

///

Plaintiff's Opposition fails to rebut "[t]he presumption . . . that parties must use their real names." *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010). As a putative class representative, there is a strong public interest in Plaintiff proceeding under her real name. Plaintiff has failed to meet her burden under Ninth Circuit law to proceed anonymously. Accordingly, this court must dismiss the complaint under FRCP 10(a) and 41(b) for failure to comply with the Federal Rules of Civil Procedure and only permit amendment of the Complaint if Plaintiff complies with FRCP 10(a)'s requirement that Plaintiff proceed under her real name.

## II. PLAINTIFF FAILED TO MEET HER EVIDENTIARY BURDEN TO PROCEED ANONYMOUSLY

The burden lies with Plaintiff to present "sufficient evidence to justify the use of pseudonyms" in light of the Ninth Circuit balancing test. *Doe v. Texaco, Inc.*, No. C0602820 WHA, 2006 WL 2850035, at *2 (N.D. Cal. Oct. 5, 2006); *accord Roe v. Skillz, Inc.*, 858 Fed. Appx. 240, 242 (9th Cir. 2021) (affirming district court's denial of plaintiff's request to proceed anonymously where plaintiff "states conclusory and general statements without explanation or support"); *see also Hindu Am. Found., Inc. v. Kish*, No. 2:22-cv-01656-DAD-JDP, 2024 WL 3794056, at *3 (E.D. Cal. Aug. 13, 2024) (declarations from Doe plaintiffs were insufficient to establish the severity of the threatened harm and the reasonableness of the fear).

Plaintiff has provided <u>no</u> evidence in her Opposition (and no explanation in her Complaint) supporting her request to proceed anonymously. Plaintiff erroneously flips the persuasive burden by claiming that Call-On-Doc must provide a "compelling reason" for Plaintiff to not proceed anonymously. (Opp'n at 1:13-16.) Rather, it is *Plaintiff*'s burden to justify proceeding anonymously, as discussed

///

///

in the foregoing paragraph. As Ninth Circuit caselaw which Plaintiff cites to makes clear, proceeding anonymously is an "unusual case." *Advanced Textile Corp.*, 214 F.3d at 1067-68. Plaintiff points to no rule that every case which even touches on medical issues is such a special case, as she appears to argue. (*See* Opp'n 1:5-16.)

Plaintiff also does not attempt to even reconcile her assumption with the Ninth Circuit case of *Roe v. Skillz, Inc.*, which affirmed the district court's denial of plaintiff's motion to proceed anonymously in a case where medical information was at issue, explaining: "the magistrate judge did not find Roe's case to be unusual, noting that 'in today's environment, a past gambling addiction with accompanying mental health problems is not so out of the norm as to constitute sensitive and highly personal in nature.'" 858 Fed. Appx. at 241. Federal district courts in California likewise have ruled that the disclosure of a medical condition does not automatically justify a plaintiff proceeding anonymously. *Beitzel v. Becerra*, No. 2:23-cv-01932 WBS DB, 2024 WL 150215, at *1 (E.D. Cal. Jan. 12, 2024) (refusing to allow plaintiff to proceed anonymously despite that she did not want to disclose publicly her medical history of severe psoriasis, psoriatic arthritis, and arthritis mutilans); *Roe v. State Bar of Cal.*, No. SA CV 22-00983-DFM, 2023 WL 6193023, at *2 (C.D. Cal. Mar. 17, 2023) (denying plaintiffs' motion for a protective order to proceed anonymously where declarations did not say that the unspecified medical conditions would be highly stigmatizing to them); *Doe v. UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140, 1142, 1145-46 (N.D. Cal. 2016) (refusing to allow a plaintiff to proceed anonymously who disclosed in the complaint that he suffered from general anxiety disorder, a chronic cardiac condition, and chronic hypertension).

Plaintiff's reliance solely on her Complaint alleging she suffered from an upper respiratory infection is insufficient to meet her evidentiary burden.

## III. UNDER THE NINTH CIRCUIT'S BALANCING TEST, DISCLOSURE OF PLAINTIFF'S NAME IS REQUIRED

In evaluating the five factors set forth by the Ninth Circuit to consider whether a Plaintiff can proceed anonymously, it is clear that Plaintiff has failed to meet her burden to demonstrate that her need for anonymity outweighs the prejudice to Call-On-Doc and the public's interest in knowing Plaintiff's identity. *Advanced Textile*, 214 F.3d at 1068.

### A. There is No Threat of Severe Harm

Plaintiff has not pointed to a single case where someone with an upper respiratory infection or similar type illness would be subject to social stigmatization. Even Plaintiff seems uncertain about the severity of the threat, arguing that she "**may**" be subject to ridicule and personal embarrassment." (*See* Opp'n 2:9-13 (emphasis added).)

The cases that Plaintiff cites to are inapposite factually, as well as decided prior to the Ninth Circuit's adoption of the balancing test in 2000. (Opp'n 2:27–3:4, citing to *Doe v. United Servs. Life Ins. Co.*, 123 F.R.D. 437, 439 (S.D.N.Y. 1988) (the district court noted there was a fear of social stigma with being identified as a homosexual due to the then-burgeoning AIDS crisis); *Doe v. Deschamps*, 64 F.R.D. 652, 652-53 (D. Mont. 1974) (permitting pregnant plaintiff to proceed anonymously in lawsuit challenging Montana law banning abortion one year after *Roe v. Wade*, 410 U.S. 113 (1973); the court listed the types of sensitive and highly personal cases which could proceed anonymously, but did not identify cases generally involving medical information as an in ilk allowing anonymity).)

Plaintiff also proceeds to identify a number of dockets in which plaintiffs have proceeded anonymously (Opp'n 1:8-13, 3:12-24), ignoring that defendants in most of those cases did not challenge the anonymous designation. In the sole case where a defendant (Meta) challenged the anonymous designation of the plaintiffs, the case was factually distinct. The operative complaint alleged that Meta used its

online tracking technology to acquire confidential health information when patients accessed healthcare providers' websites where Meta technology was present. *In re Meta Pixel Healthcare Litig.*, No. 3:22-cv-03580, ECF 335 (N.D. Cal. Oct. 10, 2023). Meta argued that plaintiffs could not be permitted to proceed anonymously because: (i) Meta needed to disclose plaintiffs' names to the healthcare provider entities, whom plaintiffs claim sent their information to Meta; and (ii) Meta's in-house counsel was barred from knowing plaintiffs' names. *In re Meta Pixel Healthcare Litig.*, No. 3:22-cv-03580, ECF 812 at 3:26–4:13 (N.D. Cal. Feb. 7, 2025). The court found these arguments unpersuasive in light of the protective order being amended to address Meta's concerns. *In re Meta Pixel Healthcare Litig.*, No. 22-cv-03580-WHO, 2025 WL 807954, at *2 (N.D. Cal. Mar. 12, 2025).

Unlike *In re Meta Pixel Healthcare Litigation*, Call-On-Doc is not the third party that allegedly intercepted health information provided to another by a plaintiff – it is the entity that allegedly received information from plaintiff. The district court in that case was concerned about the radiating privacy intrusion given Meta's status as a third party purportedly collecting information in communications between plaintiffs and their medical providers. *Id.* at *1. Moreover, it is not clear what health information was at issue in the *In re Meta Pixel Healthcare Litigation* case, meaning the threat of harm is an apples-to-oranges comparison.

**B. Plaintiff's Articulated Fear of Harm Is Speculative and Unreasonable**

Plaintiff's fears are all based on speculation and conjecture, which is insufficient to meet her burden. (Mtn. at 4:10-11, citing *Doe v. Coder*, No. C-10-4756 MMC, 2010 WL 4938282, at *2 (N.D. Cal. Nov. 30, 2010).) Plaintiff complains that Call-On-Doc is "editorializing" the severity of Plaintiff's medical condition (Opp'n at 3:9-10); however, the Ninth Circuit requires that a fear of severe harm be reasonable. *Kamehameha Schools*, 596 F.3d at 1043.

///

Plaintiff's Opposition also argues that Plaintiff visited Call-On-Doc on multiple instances and this litigation could reveal "health conditions or treatments of unknown severity." (Opp'n at 3:15-17.) Plaintiff's Opposition provides no explanation for why she would be unaware of what health conditions she has suffered from and been treated for when this information is uniquely within her personal purview. If Plaintiff had concerns about an actual specific health condition, she had an opportunity to raise it in the Opposition as a basis to proceed anonymously; she did not. Instead, she now asks this Court to speculate that she could be harmed by the possible disclosure of health conditions of whose existence she is uncertain.

Unable to articulate actual harm to herself, Plaintiff's Opposition talks about how disclosure of medical information can be harmful "to a person." (Opp'n at 2:14-18.) Plaintiff's speculation about the harm that others could face if connected publicly with pieces of their health history does not establish that she has a fear of such harm for being connected with having had an upper respiratory infection. Moreover, none of Plaintiff's speculation and conjecture is reasonable. Plaintiff argues that health information can lead to "social assumptions . . . about [a person's] habits, lifestyle, and morality" (Opp'n at 2:14-18), but she fails to explain what negative social assumptions about habits, lifestyle, and morality she is concerned about for a person who had an upper respiratory infection.

### C. Plaintiff Does Not Establish That She Is Vulnerable to Retaliation

Plaintiff next argues that medical information can affect a person's ability "to obtain employment or other necessities" (Opp'n at 2:14-18) but fails to explain how an employer or the public knowing she had an upper respiratory infection will lead to such discrimination.

In regard to her employment fears, there is no evidence anywhere that Plaintiff is employed or will be seeking employment in the future (rather than, for example, being retired). Even if Plaintiff had established the necessary predicate

facts, one of the cases that Plaintiff cites to – *Doe v. United States Life Insurance Company* – rejected concerns about employment establishing vulnerability to retaliation, stating: "Courts should not permit parties to proceed pseudonymously just to protect the parties' professional or economic life." 123 F.R.D. at 439 n.1.

California district courts have likewise agreed that the fear of economic retaliation such as termination or difficulty finding future employment are not extraordinary enough to justify proceeding anonymously. *Newell v. Newsom*, No. 2:20-cv-08935-FLA (JEMx), 2023 WL 4494833, at *2 (C.D. Cal. June 29, 2023); *Doe v. Lloyd*, No. 5:21-cv-00096-JGB-SHKx, 2022 WL 19766613, at *4 (C.D. Cal. Feb. 14, 2022); *United States v. Air Inds. Corp.*, No. 8:12-cv-02188-JVS-RNB, 2016 WL 11515131, at *2 (C.D. Cal. Oct. 24, 2016); *Doe v. U.S. Healthworks Inc.*, No. CV 15-05689 SJO (AFMx), 2016 WL 11745513, at *3 (C.D. Cal. Feb. 4, 2016); *see also Doe v. Nike USA, Inc.*, No. 2:23-cv-10197-RGK-SSC, 2024 WL 4404990, at *2 (C.D. Cal. Jan. 5, 2024) ("Plaintiff appears to argue that he is vulnerable because he works in a limited field—data science—for which there are fewer employment opportunities available. Thus, any hampered job prospects would have a greater impact than if he were employed in a different field. However, Plaintiff fails to corroborate his assertions about the prospective job market or argue that his job prospects would be so hampered as to render him unemployable. Accordingly, this factor also weighs against pseudonymity.").

Plaintiff likewise fails to explain what "necessities" she will be unable to obtain if it is known she had an upper respiratory infection.

Where courts have found vulnerability to retaliation sufficient for anonymity, it tends to be when individuals are at risk for deportation, have fears about their safety, or are children. *Advanced Textile Corp.*, 214 F.3d at 1072 (risk of deportation); *Kamehameha Schools*, 596 F.3d at 1045 (children particularly vulnerable, although ultimately denying request of minors to proceed anonymously); *Wyndham Hotels & Resorts, Inc.*, No. 20-CV-00656-BLF, 2025

WL 524647, at *2 (N.D. Cal. Feb. 18, 2025) (fear of physical harm was reasonable due to physical injuries to trafficked child and vandalism to plaintiff's car); *Doe v. United States Citizenship & Immigr. Servs.*, No. 1:21-cv-00576-NONE-SAB, 2021 WL 1907562, at *3-4 (E.D. Cal. May 12, 2021) (ruling there was risk for plaintiff's own safety proceeding publicly if the plaintiff was ultimately deported to Yemen, and there was risk to plaintiff's family members residing in Russia and Chechnya if information was disclosed to public). Plaintiff does not meet this standard.

**D. Call-On-Doc Is Prejudiced Because Plaintiff Has Taken No Steps to Disclose Her Identity to It**

While Plaintiff has offered to make her identity known to Call-On-Doc (Opp'n 3:5-8), Plaintiff has taken no steps to actually effect that intent. However, even if the court finds no prejudice under this element, the Ninth Circuit mandates a balancing test - the absence of one element is not dispositive. *Doe v. U.S. Healthworks Inc.*, 2016 WL 11745513, at *5-6 (declining to permit plaintiff to proceed under a pseudonym even when no prejudice to defendant).

**E. Plaintiff Does Not Dispute the Strong Interest In the Public – Including the Class Members She Seeks to Represent – Knowing Her Identity**

Plaintiff's Opposition fails to address the strong public interest in the knowledge of her identify, particularly in a class action where the individuals whom Plaintiff seeks to represent have an interest in knowing who purports to represent their interests. *Roe v. State Bar of Cal.*, 2023 WL 6193023, at *2; *Doe v. U.S. Healthworks Inc.*, 2016 WL 11745513, at *6. Plaintiff's failure to address this argument is a concession of that issue. *Hartranft v. Encore Capital Group, Inc.*, 543 F. Supp. 3d 893, 913-14 (S.D. Cal. 2021).

///

///

## IV. CONCLUSION

Based on the foregoing, Defendant respectfully seeks dismissal of the entire Complaint in its entirety for Plaintiff's failure to proceed under her real name and that Plaintiff be required to re-file the Complaint under her real name.

Dated: May 9, 2025

Respectfully submitted,

**FISHER & PHILLIPS LLP**

By: */s/ Darcey M. Groden*
Usama Kahf
Darcey M. Groden
Joseph M. Crittenden
Attorneys for Defendant
CALL-ON-DOC.COM, INC.

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 2050 Main Street, Suite 1000, Irvine, California 92614.

On May 9, 2025, I served the foregoing document entitled **DEFENDANT CALL-ON-DOC.COM, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO COMPEL COMPLIANCE WITH RULE 10(A)** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| **BURSOR & FISHER, P.A.**<br>Brittany S. Scott<br>Joshua R. Wilner<br>1990 North California Boulevard<br>9th Floor<br>Walnut Creek, CA 94596 | ***Attorneys for Plaintiff***<br><br>Telephone: (925) 300-4455<br>Facsimile: (925) 407-2700<br>E-mail: bscott@bursor.com<br>jwilner@bursor.com |
| **BURSOR & FISHER, P.A.**<br>Philip L. Fraietta<br>1330 Avenue of the Americas<br>32nd Floor<br>New York, NY 10019 | Telephone: (646) 837-7150<br>Facsimile: (212) 989-9163<br>E-Mail: pfraietta@bursor.com |
| **DRURY LEGAL, LLC**<br>Scott R. Drury<br>6 Carriage Lane<br>Highwood, Illinois 60040 | Telephone: (312) 358-8225<br>E-mail: scott@drurylegal.com |

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed May 9, 2025, at San Diego, California.

Brandi D. Paape